## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES EDWARD DIXON and | § | |
| CHERYL DENISE DIXON, | § | |
|     Appellants, | § | |
| | § | **CIVIL ACTION NO. H-06-2799** |
| v. | § | |
| | § | Bankruptcy Case No. 06-31692 |
| FEDERAL NATIONAL MORTGAGE | § | |
| ASSOCIATION, | § | |
|     Appellee. | § | |

### MEMORANDUM AND ORDER

Appellants James Edward Dixon and Cheryl Denise Dixon appeal from the United States Bankruptcy Court's Order Confirming That No Automatic Stay Is In Effect signed July 11, 2006 ("July 11 Order"). Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that the Bankruptcy Court's July 11 Order should be **affirmed**.[1]

## I.    FACTUAL AND PROCEDURAL BACKGROUND

In January 1999, Appellants executed a promissory note and granted a deed of trust on residential property in Missouri City, Texas. Appellee Federal National

---

[1] To the extent the July 11 Order is not a final judgment, order or decree, the Court grants leave to pursue this appeal. Therefore, the Court has jurisdiction pursuant to 28 U.S.C. § 158(a)(3).

Mortgage Association ("Fannie Mae") was the investor for the mortgage, which was serviced by Washington Mutual Bank at the time the petition in this case was filed.

On January 31, 2005, Appellants filed a voluntary Chapter 13 bankruptcy petition.  The case remained pending until it was dismissed on February 26, 2006, for failure to make the required payments to the Chapter 13 Trustee.

On March 28, 2006, Appellants filed a voluntary Chapter 7 bankruptcy petition (the "Second Case").  They filed their Certificate of Credit Counseling on April 12, 2006.  On April 17, 2006, the Bankruptcy Court dismissed the case for failure to file a creditor matrix.

On April 26, 2006, Appellants filed this voluntary Chapter 7 bankruptcy petition. Washington Mutual requested an order confirming that, in accordance with 11 U.S.C. § 362 (c)(4)(A)(i), no automatic stay was in effect.  The Bankruptcy Court granted the request and issued the July 11 Order.  On July 4, 2006, Fannie Mae purchased Appellants' property at a non-judicial foreclosure sale.

On July 21, 2006, Appellants asked the Bankruptcy Court to reconsider its July 11 Order.  Following a hearing, the Bankruptcy Court denied the motion for reconsider. Appellants then filed this appeal, which is ripe for decision.

## II.   STANDARD OF REVIEW

The Court reviews a bankruptcy judge's conclusions of law *de novo* and findings of fact under the "clearly erroneous" standard.  *In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003).  Mixed questions of law and fact are reviewed *de novo*.  *In re U.S. Brass Corp.*, 301 F.3d 296, 306 (5th Cir. 2002).  This Court "may affirm if there are grounds in the record to support the judgment, even if those grounds were not relied upon by the courts below."  *In re Cueva*, 371 F.3d 232, 236 (5th Cir. 2004) (quoting *Matter of Besing*, 981 F.2d 1488, 1494 (5th Cir.), *cert. denied*, 510 U.S. 821 (1993)).

## III.   ANALYSIS

Section 362(c)(4)(A)(i) of the United States Bankruptcy Code provides that if there were two or more bankruptcy cases pending but dismissed within the previous year, the automatic stay does not go into effect upon the filing of a subsequent petition. *See* 11 U.S.C. § 362(c)(4)(A)(i).  In this case, it is undisputed that Appellants had two cases pending in 2006 before the current petition was filed.  It is also undisputed that both cases were dismissed – the first for failure to make required payments to the Trustee and the second for failure to file a creditor matrix.

Appellants argue that the Second Case should not have been dismissed but should, instead, have been stricken because they had not obtained credit counseling prior to filing the petition.  The Court recognizes that some bankruptcy courts,

including one in this district, have stricken petitions filed without prior credit counseling.  *See, e.g., In re Salazar*, 339 B.R. 622 (Bankr. S.D. Tex. 2006) (Bankruptcy Judge Isgur).  The majority of bankruptcy courts, however, dismiss such petitions.  *See, e.g., In re Seaman*, 340 B.R. 698, 706 n.3 (Bankr. E.D.N.Y. 2006) (noting that of the 34 decisions at that time regarding petitions filed without prior credit counseling, 31 were dismissed).

Whether it is more appropriate for a bankruptcy court to strike or to dismiss these petitions is not at issue in this case.  Nor is whether the Second Case should have been handled differently at issue.  The sole dispositive issue in this case is whether Appellants had two bankruptcy cases pending but dismissed during the year preceding the filing of the petition in this case.  It is undisputed that the first bankruptcy case was dismissed for failure to make required payments to the Chapter 13 Trustee.  It is also undisputed that the Bankruptcy Court dismissed the Second Case for failure to file a creditor matrix; that court did not strike the petition for failure to obtain prior credit counseling.  That order was not appealed or otherwise challenged by Appellants in connection with the Second Case, and it remains the dispositive order in that matter.

It further is undisputed that the Bankruptcy Court dismissed Appellants' two prior bankruptcy cases within one year before they filed this petition. Where, as here, two or more prior cases were pending but dismissed within the previous year,

§ 362(c)(4)(A)(i) clearly applies and no automatic stay takes effect upon the filing of a subsequent petition.

The Court takes no position in this appeal regarding whether a bankruptcy court should dismiss or strike a petition filed without prior credit counseling.  The Court holds only that a bankruptcy case that reflects, as a matter of public record, that it was *dismissed* is a case that is pending but dismissed for purposes of § 362(c)(4)(A)(i). That is the situation here and the Bankruptcy Court's July 11 Order correctly confirmed that the automatic stay did not take effect upon the filing of this petition.[2]

## IV.   CONCLUSION AND ORDER

It is undisputed that Appellants had two bankruptcy cases dismissed during the year preceding the filing of their petition in this case.  Neither dismissal was appealed or otherwise challenged in the case in which it was entered.  Pursuant to 11 U.S.C. § 362(c)(4)(A)(i), the Bankruptcy Court correctly granted the request for an order confirming that the automatic stay did not go into effect upon the filing of this case. Accordingly, it is hereby

**ORDERED** that the Bankruptcy Court's July 11 Order is **AFFIRMED**.  The Court will issue a separate Final Order.

---

[2]     Because the automatic stay did not take effect when Appellants filed this bankruptcy case, the foreclosure sale on July 4, 2006, was not in violation of an automatic stay.

SIGNED at Houston, Texas, this **20th** day of **November, 2006.**

Nancy F. Atlas
United States District Judge